UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| HARRIETT DECH, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 3:19-cv-00079 |
| COMPASS GROUP USA, INC., | ) ) ) |
| Serve: Corporation Service Company<br>       100 Shockoe Slip<br>       2nd Floor<br>       Richmond, Virginia 23219 | ) ) ) ) ) |
|     Defendant. | ) |

## **COMPLAINT**

COMES NOW the Plaintiff, Harriett Dech ("Plaintiff" or "Ms. Dech"), by counsel, and files this Complaint and moves for judgment in her favor against the Defendant, Compass Group USA, Inc. ("Compass"), on the ground and in the amount set forth below:

### Nature of the Case

1. This is a civil action seeking damages against Compass for its failure to pay Ms. Dech proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### Parties, Jurisdiction, and Venue

2. Ms. Dech is an adult individual who resides in Lunenburg County, Virginia.

3. Compass is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Compass has extensive business operations throughout Virginia, including in the Eastern District of Virginia, doing business in and around the City of Richmond as "Canteen."

1

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated herein.

5. Furthermore, this Court has personal jurisdiction over Compass because Compass conducts business in this District and injured Ms. Dech in this District.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

Statement of Facts

7. Ms. Dech began her employment with Compass in November 2016 when her prior employer, First Voice Food Service of Va., Inc., was acquired by Compass.

8. During the time of her employment, Compass has consistently suffered and permitted Ms. Dech to work more than forty (40) hours per workweek.

9. During such time, Ms. Dech has held the same job title, Customer Service Manager, and has been classified by Compass as an exempt employee under the FLSA, paying her a salary rather compensating her at least one and one-half (1.5) times her regular rate of pay for hours worked over forty (40) per workweek.

10. However, since her hiring, Ms. Dech's job responsibilities have changed drastically.

11. Specifically, from November 2016 through April 2017, Ms. Dech's duties were office-based and primarily non-manual in nature, meeting the administrative exemption under the FLSA.

12. But, since on or about May 2017, Ms. Dech's duties have been delivery-focused and primarily manual in nature, thereby failing to meet the FLSA's administrative exemption.

13. From the period beginning May 2017 and continuing until August 10, 2018, when Ms. Dech began leave pursuant to the Americans with Disabilities Act, Ms. Dech consistently worked between forty-eight and a half (48.5) and seventy-eight and a half (78.5) hours per workweek and spent the vast majority of her working hours outside of the office, making deliveries to customers throughout Southside Virginia.

14. Despite Ms. Dech's duties changing in such a substantial manner, Compass continued to classify her as an exempt employee, failing to pay her 1.5 times her regular rate of pay for hours worked over forty (40) in a workweek.

15. Moreover, Compass did so despite classifying as non-exempt other employees who had different titles but were performing essentially the same delivery duties that had become Ms. Dech's primary duty. These non-exempt employees were required to clock in and out by Compass.

16. On or about November 14, 2018, Ms. Dech – by counsel – informed Compass via certified letter of its violation of the FLSA and sought pre-litigation resolution of her claim against the Defendant (the "Demand").

17. Compass never accepted the certified letter and thus failed to respond to the Demand.

18. Ms. Dech consents in writing to assert her claim for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b), and her signed consent form is filed with the Court as <u>Exhibit A</u> to this Complaint.

Count I
<u>Violation of the Fair Labor Standards Act</u>

19. Ms. Dech incorporates paragraph 1 through 18 of this Complaint as if fully restated herein.

20. At all times relevant herein, Compass has been, and continues to be, subject to the overtime provisions of the FLSA because its employees are engaged in interstate commerce and it has annual revenues in excess of five hundred thousand dollars ($500,000.00).

21. At all times relevant herein, Ms. Dech has been, and remains, employed by Compass as an employee within the meaning of the FLSA.

22. Under the FLSA, an employer must pay a non-exempt employee at least 1.5 times her or his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

23. Beginning May 1, 2017, and continuing until the start of her aforementioned leave, Ms. Dech was improperly classified as an exempt employee and regularly worked more than forty (40) hours per workweek for Compass but was not properly compensated her for any of her overtime hours as required by the FLSA.

24. This work was performed at Compass's direction and/or with Compass's knowledge.

25. Compass has acted neither in good faith nor with reasonable grounds to believe that its acts and omissions complied with the FLSA.

26. As a result of Compass's unlawful conduct, Ms. Dech has suffered damages as set forth herein.

WHEREFORE, the Plaintiff, Harriett Dech, respectfully requests that this Court enter judgment against the Defendant, Compass Group USA, Inc., providing the following relief:

(a) Compensatory damages in an amount equal to her unpaid back wages at the applicable overtime rate;

(b) Liquidated damages in an amount equal to the actual damages in this case;

(c) Her reasonable attorneys' fees and costs incurred in prosecuting this claim;

(d)     Pre- and post-judgment interest as allowable by law; and

(e)     Such other and further relief as the Court deems just and appropriate.

TRIAL BY JURY IS REQUESTED.

                                              HARRIETT DECH

                                              By Counsel

/s/ Steven P. Gould
W. Huntington Byrnes (VSB No. 46714)
Steven P. Gould (VSB No. 80411)
BYRNES GOULD PLLC
312 Main Street, Suite 200 (24541)
P.O. Box 47
Danville, Virginia 24543
Telephone:  434.792.2424
HByrnes@byrnesgould.com
SGould@byrnesgould.com
*Counsel for Plaintiff*