IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **HARRIETT DECH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 3:19-CV-00079 |
| | ) |
| **COMPASS GROUP USA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Compass Group USA, Inc. (hereinafter "Compass"), by its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12, files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states and alleges the following:

### Nature of the Case

1. Compass states that the allegations contained in paragraph 1 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, Compass admits that Plaintiff purports to bring a claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, but denies that she is entitled to any relief whatsoever, and denies all remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

### Parties, Jurisdiction, and Venue

2. Compass states that the allegations contained in paragraph 2 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, the allegations are admitted.

3. Compass admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Compass states that the allegations contained in paragraph 4 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, the allegations are admitted.

5. Compass states that the allegations contained in paragraph 5 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, Compass admits that this Court has personal jurisdiction and admits that it conducts business in this district, but denies that it injured Plaintiff in any way, and denies that Plaintiff is entitled to any relief whatsoever. Compass denies all remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Compass states that the allegations contained in paragraph 6 of Plaintiffs' Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, Compass admits that venue is proper, but denies all remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

**Statement of Facts**

7. Compass admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Compass admits that Plaintiff at times worked more than 40 hours per week, but denies all remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. In regard to the allegations contained in paragraph 9 of Plaintiff's Complaint, Compass admits that Plaintiff held the position of Customer Service Manager, admits that she was classified by Compass as exempt from the overtime requirements of the FLSA, and admits that she was paid a salary. However, Compass denies the allegations in paragraph 9 to the extent

they allege or suggest that Compass violated the FLSA in any manner. Compass denies all remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Compass denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. In regard to the allegations contained in paragraph 11 of Plaintiff's Complaint, Compass admits that Plaintiff was at all times properly classified as exempt from overtime under the FLSA, including but not limited to the Administrative and Motor Carrier Exemptions. Compass denies all remaining allegations contained in paragraph 11 of Plaintiff's Complaint, and specifically denies them to the extent they state or suggest that Plaintiff's job duties changed dramatically over time, or that only one overtime exemption is or has been applicable during the relevant time period.

12. In regard to the allegations contained in paragraph 12 of Plaintiff's Complaint, Compass admits that, in addition to her many administrative duties, Plaintiff also made deliveries. Compass denies all remaining allegations contained in paragraph 12 of Plaintiff's Complaint, and specifically denies them to the extent they state or suggest that Plaintiff's job duties changed dramatically over time, or that only one overtime exemption is or has been applicable during the relevant time period.

13. In regard to the allegations contained in paragraph 13 of Plaintiff's Complaint, Compass admits that, in addition to her many administrative duties, Plaintiff also made deliveries. Compass denies all remaining allegations contained in paragraph 13 of Plaintiff's Complaint, including Plaintiff's characterization of her worked hours, and also specifically denies them to the extent they state or suggest that Plaintiff's job duties changed dramatically

over time, or that only one overtime exemption is or has been applicable during the relevant time period.

14. In regard to the allegations contained in paragraph 14 of Plaintiff's Complaint, Compass admits that Plaintiff was at all times properly classified as exempt from overtime under the FLSA. Compass denies all remaining allegations contained in paragraph 14 of Plaintiff's Complaint, including without limitation the allegation that her job duties changed dramatically over time. Furthermore, Compass denies the allegations in paragraph 14 to the extent they allege or suggest that Compass violated the FLSA in any manner.

15. Compass denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. In regard to the allegations contained in paragraph 16 of Plaintiff's Complaint, Compass lacks information sufficient to admit or deny that Plaintiff – by counsel – sent a demand letter to Compass, and therefore denies the same. Compass denies all remaining allegations contained in paragraph 16 of Plaintiff's Complaint, including to the extent they allege or suggest that Compass violated the FLSA in any manner.

17. Compass avers that it did not receive Plaintiff's demand letter. Accordingly, Compass admits that it did not respond to Plaintiff's demand, but denies all remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Compass states that the allegations contained in paragraph 18 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, Compass admits that Plaintiff attaches a consent form as Exhibit A to the Complaint, but denies all remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

## Count I:
## Violation of the Fair Labor Standards Act

19. Compass incorporates by reference its responses to paragraphs 1-18 of Plaintiff's Complaint.

20. Compass states that the allegations contained in paragraph 20 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, the allegations are admitted. However, Compass denies the allegations in paragraph 20 to the extent they allege or suggest that Compass violated the FLSA in any manner.

21. Compass states that the allegations contained in paragraph 21 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, the allegations are admitted.

22. Compass states that the allegations contained in paragraph 22 of Plaintiff's Complaint are conclusions of law to which no response is necessary. To the extent that a response is required, Compass admits that non-exempt employees are generally entitled to overtime under the FLSA, but denies that Plaintiff was entitled to overtime, and further denies the allegations in paragraph 22 to the extent they allege or suggest that Compass violated the FLSA in any manner. Compass denies all remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Compass denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Compass denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Compass denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Compass denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

## Prayer for Relief

27. With respect to the allegations contained in the unnumbered paragraph following paragraph 26 of Plaintiff's Complaint, Compass admits only that Plaintiff purports to demand judgment against Compass. Compass denies the remaining allegations contained in the unnumbered paragraph following paragraph 26 of Plaintiff's Complaint, and denies that Plaintiff is entitled to the relief requested, or any other relief whatsoever.

## General Denial

28. Compass denies each and every allegation of fact, conclusion of law, or other matter contained in Plaintiff's Complaint not expressly admitted herein.

## Defenses and Affirmative Defenses

Compass asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Compass and are Plaintiff's burden to prove. Compass further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 260, because any acts or omissions by Compass giving rise to this action were done in good faith

and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

3. Compass affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred with reasonable grounds for believing that Compass was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA, 29 U.S.C. § 255(a).

4. To the extent Plaintiff is entitled to any additional alleged overtime pay, she would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

5. Plaintiff's claims are barred as Plaintiff was employed in an exempt position pursuant to 29 U.S.C. § 213 under the FLSA, including but not limited to the administrative exemption under 29 U.S.C. § 213(a)(1), and the regulations promulgated thereunder, 29 C.F.R. Part 541, or the motor carrier exemption under 29 U.S.C. § 213(b).

6. Compass alleges that Plaintiff has been paid and/or received all wages and all other compensation and/or reimbursement due to her by virtue of her employment. Compass therefore asserts that Plaintiff's claims are barred by payment.

7. Plaintiff's claims are barred as to all hours during which she was engaged in activities that were preliminary or postliminary to her principal activities.

8. Plaintiff's claims are barred as to all hours allegedly worked of which Compass lacked actual or constructive knowledge.

9. Compass reserves the right to rely upon the defense(s), as may be developed through discovery and the evidence, that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or unclean hands.

10. Compass reserves the right to state additional affirmative defenses.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses, Defendant Compass respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, enter judgment in favor of Defendant Compass, and award Defendant Compass its attorneys' fees and any other relief the Court deems appropriate.

Dated: April 9, 2019                    Respectfully Submitted,

**COMPASS GROUP USA, INC.**

By /s/ *J. Clay Rollins*
Amy Pocklington, Esquire
Virginia State Bar Number 45233
amy.pocklington@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:    (804) 663-2330
Fax:    (855) 843-1809

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs:

W. Huntington Byrnes (VSB No. 46714)
Steven P. Gould (VSB No. 80411)
BYRNES GOULD, PLLC
312 Main Street, Suite 200 (24541)
P.O. Box 47
Danville, VA 24543
Tel.:   (434) 792-2424
HByrnes@byrnesgould.com
SGould@byrnesgould.com

*Counsel for Plaintiff*

**COMPASS GROUP USA, INC.**

By   /s/ *J. Clay Rollins*
Amy Pocklington, Esquire
Virginia State Bar Number 45233
amy.pocklington@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:   (804) 663-2330
Fax:   (855) 843-1809

*Counsel for Defendant*

38081108.1