## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is entered into by and between Compass Group U.S.A., Inc., including any of its parents, predecessors, subsidiaries, affiliates and related entities, current and former employees, officers, and directors ("Company") and Harriett Dech, an individual, on behalf of herself, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").

**WHEREAS**, on February 7, 2019, Plaintiff filed a Complaint against Company in the United States District Court for the Eastern District of Virginia, bearing Civil Action No. 3:19-cv-0079, alleging violations of the Fair Labor Standards Act (the "Lawsuit");

**WHEREAS**, Company timely filed an Answer denying the material allegations of the Complaint;

**WHEREAS**, on July 24, 2019, the Parties mediated and agreed upon a compromise settlement and now wish to fully and finally resolve any and all claims and disputes, known and unknown, that exist or might be claimed to exist by Plaintiff against Company and the "Released Parties" as defined in Paragraph 2 of this Agreement including, but not limited to, claims of any nature that have been, or could have been, asserted that arise out of or relate to Plaintiff's employment, terms and conditions of employment, or any other event, transaction, contract or communication between Plaintiff and Company, or the other persons or entities named herein. This includes, but is not limited to, the litigation styled *Harriett Dech v. Compass Group U.S.A., Inc.*, Civil Action No. 3:18-cv-00079, which is currently pending in the United States District Court for the Eastern District of Virginia ("Litigation").

**NOW, THEREFORE**, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, Plaintiff and Company agree as follows:

1. **CONSIDERATION.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Company agrees to pay Plaintiff the total sum of Thirty-Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00), within ten (10) business days after Plaintiff and Company sign this Agreement and Byrnes Gould PLLC and Dech complete, execute, and submit a form W-9 to Company and the Court approves the terms of this Agreement. Upon receipt of the W-9, payments will be made in separate checks as follows:

   1.1 The sum of Five Thousand Dollars and Zero Cents ($5,000.00) as payment for Plaintiff's wage income, made payable to Plaintiff. Applicable statutory deductions, including state and federal incomes taxes and Social Security taxes, shall be withheld by Company from this sum. Company shall issue a Form W-2 to Plaintiff in connection with this payment;

   1.2 The sum of Five Thousand Dollars and Zero Cents ($5,000.00) as payment for Plaintiff's alleged liquidated damages, made payable to Plaintiff. Plaintiff agrees to indemnify and hold Company harmless for any tax liability, penalty,



EXHIBIT

A

interest, cost, or expense incurred by it as a result of the fact that it did not deduct state and federal income taxes, social security taxes, or other withholdings from this sum, or otherwise treat the entire sum as taxable wages to Plaintiff, Company shall issue a form 1099 to Plaintiff in connection with this payment; and

1.3 The sum of Twenty-Two Thousand Five Hundred Dollars and Zero Cents ($22,500.00) as payment for Harriett Dech's attorney's fees and expenses, made payable to Byrnes Gould PLLC. Company will issue a form 1099 to Byrnes Gould PLLC and to Plaintiff in connection with this payment.

These payments are issued in order to dismiss the Litigation.

2. **RELEASE OF CLAIMS.** In exchange for the consideration described in Paragraph 1, Plaintiff hereby irrevocably and unconditionally settles, waives, releases and discharges Company, and their respective parents, sisters, affiliates, divisions, all current, former, and future related organizations, or limited liability corporations, and any subsidiaries or partnerships, successor and predecessor entities including, but not limited to each of their respective current and former employees, investors, officials, directors, officers, partners, shareholders, agents, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, trustees, sureties, attorneys, insurers, deputies, representatives, divisions, and branches (collectively, the "Released Parties"), from any and all claims, including but not limited to, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorney's fees, costs, and/or any other liabilities of any kind, nature, descriptions, or character whatsoever, asserted in or that could have been asserted against any of the Released Parties in the Litigation, arising from or out of Plaintiff's employment, the terms and conditions of that employment, the termination from that employment, or any other event, transaction, contract or communication between Plaintiff and the Released Parties. Without limiting in any way the foregoing general release, this release specifically includes the following:

2.1 All Claims that were or could have been asserted by Plaintiff in the Lawsuit or that arose out of the same transaction(s) or occurrence(s) as the subject of the Lawsuit, including but not limited to any claims which were asserted or could have been asserted based on any wage or pay policy or practice of Company, any express or implied agreement between the Parties, the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq*.), the common law, or any other federal or state law.

2.2 All Claims that relate in any way to Plaintiff's employment with Company;

2.3 All Claims asserted by any other employee of Company in which Plaintiff has claimed or could claim any interest;

2.4 Claims, whether in tort, contract, by statute, or on any other basis, whether in law or in equity, whether civil, criminal or administrative, whether known or unknown, for damages or monies owed the Released Parties, including compensatory damages, emotional distress damages, pain and suffering, physical injury damages, punitive damages, liquidated damages, attorneys' fees, costs, and interest, including all claims for back pay, front pay, overtime pay, severance pay, notice pay, health benefits, disability benefits, workers compensation benefits, retirement benefits, all other benefits, vacation pay, holiday pay, sick pay, commissions, bonuses, relocation expenses, loans, expense reimbursements, benefits due under any collective bargaining agreement, or other monies due;

2.5 All rights and Claims under the following laws, as amended: the Age Discrimination in Employment Act; Section 1981 of the Civil Rights Act of 1866; Title VII of the Civil Rights Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Worker Adjustment and Retraining Notification Act; the National Labor Relations Act; the Labor Management Relations Act; the Fair Credit Reporting Act; the Employee Retirement Income Security Act of 1974; the Genetic Information Nondiscrimination Act of 2008; the Health Insurance Portability and Accountability Act; the Occupational Safety and Health Act; the Equal Pay Act; the Uniformed Services Employment and Re-employment Act; Executive Orders 11246 and 11141; the False Claims Act (including the qui tam provision thereof); the Consolidated Omnibus Budget Reconciliation Act of 1986; the Rehabilitation Act of 1973; the Sarbanes-Oxley Act; the Dodd-Frank Wall Street Reform and Consumer Protection Act; and the Electronic Communications Privacy Act of 1986 (including the Stored Communications Act);

2.6 All rights and Claims under the Virginia Human Rights Act; the Virginians with Disabilities Act; the Virginia Wage Payment Act; or any other employee protection set forth in the Code of Virginia; and

2.7 All rights and Claims under any other federal, state or local law, regulation or ordinance, including for employment discrimination on any basis, hostile working environment, retaliation, wrongful discharge, retaliatory discharge, constructive discharge, unsafe working conditions, breach of express or implied contract, breach of collective bargaining agreement, breach of implied covenant of good faith and fair dealing, detrimental reliance, promissory estoppel, defamation, negligence, negligent or intentional misrepresentation, invasion of privacy, interference with economic gain or contractual relations, and intentional and negligent infliction of emotional distress or "outrage."

2.8 It is the Parties' intent to release all Claims which can legally be released, but no more than that.

3. **COVENANT NOT TO SUE/RIGHT TO PARTICIPATE IN AGENCY PROCEEDINGS**.  Plaintiff further agrees that she will not bring a lawsuit against the Released Parties asserting any of the claims released in this Agreement.  In the event Plaintiff ever acts in disregard of the covenants made in this paragraph, and files a lawsuit based on any legal claims that she has agreed to release, Plaintiff will pay for all costs incurred by the Released Parties, including all reasonable attorneys' fees incurred in defending against Plaintiff's previously-released claims.  Plaintiff acknowledges and agrees that this Agreement may be pled as a complete bar to any action or suit before any court or adjudicative body with respect to any complaint or claim arising under any federal, state, local or other law relating to any possible claim that existed or may have existed as a result of her employment with Compass Group.

Nothing in this Agreement is intended to limit or impair in any way Plaintiff's right to file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) or comparable state and local agencies, or her right to participate in any such charge filed with such agencies and to recover any appropriate relief in any such action.  However, the Parties agree that appropriate relief may not include remedies that personally benefit Plaintiff and which she has released and waived under this Agreement, including all legal relief, equitable relief, statutory relief, reinstatement, back pay, and front pay, and all other damages, benefits, remedies, or relief that Plaintiff may be entitled to as a result of the filing or prosecution of any such charge against Company by Plaintiff, or any resulting civil proceeding or lawsuit brought on behalf of Plaintiff and which arises out of any matters that are released or waived by this Agreement.  This Agreement shall not preclude Plaintiff from bringing a charge or suit to challenge the validity or enforceability of this Agreement under the Age Discrimination in Employment Act (29 U.S.C. § 620, *et seq.*) as amended by the Older Workers Benefit Protection Act.

4. **SPECIFIC RELEASE OF AGE CLAIMS.**  This Agreement includes a release of all claims under the Age Discrimination in Employment Act (ADEA) and, therefore, pursuant to the requirements of 29 U.S.C. § 626(f), Plaintiff acknowledges that she has been advised:

    4.1 That this release includes, but is not limited to, all claims under the ADEA arising up to and including the date of execution of this Agreement;

    4.2 To consult with an attorney and/or other advisor of her choosing concerning her rights and obligations under this Agreement;

    4.3 To consider this Agreement fully before executing it;

    4.4 That she has been offered a reasonable period of time of at least twenty-one (21) days within which to consider this Agreement; and

    4.5 That this release shall become effective and enforceable seven (7) days following execution of this Agreement by Plaintiff during which seven (7) day period Plaintiff may revoke her acceptance of this Agreement by delivering written notice to Amy P. Pocklington, Ogletree, Deakins, Nash, Smoak &

Stewart, PC, 951 E. Byrd St., West Tower, Suite 1300, Richmond, Virginia 23219. If the Agreement is not revoked within seven (7) days from the signing of this Agreement by Plaintiff, this Agreement shall become effective and enforceable on the eighth day following the signing of this Agreement (the "Effective Date"). Plaintiff understands and agrees that she shall not be entitled to any portion of the payment as set forth in Paragraph 1 should she revoke her acceptance of this Agreement.

5. **NO CLAIMS BY EMPLOYEE.** Plaintiff represents that other than the Litigation she has not filed or otherwise initiated any complaints or charges against the Released Parties with any local, state or federal court, agency or board, based on events occurring prior to and including the date she executes this Agreement

6. **RESIGNATION.** Plaintiff agrees to voluntarily resign from her employment with Company upon execution of this Agreement, and forever releases any right to hire or rehire by the Released Parties, and agrees not to seek employment or re-employment in the future with the Released Parties. Plaintiff agrees that should she ever seek employment or re-employment in the future with the Released Parties, her application may be rejected without liability to the Released Parties. Should the Released Parties ever intentionally or unintentionally waive this provision, the Released Parties shall have the right to terminate Plaintiff's employment at any time for any reason without any liability whatsoever.

7. **NEUTRAL REFERENCE.** Plaintiff agrees to direct any person or entity seeking a job reference to Human Resources. In response to such reference inquiries, Company agrees that in accordance with Company policy it will provide Plaintiff with a neutral reference, including dates of employment, position held, and rates of pay, provided the request is directed to "The Work Number" at (1-800-367-5690 or www.theworknumber.com).

8. **RELEASE FROM NON-COMPETE RESTRICTIONS**. Company agrees that, effective upon the Court's approval of this Agreement, Plaintiff will be deemed released from the Non-Competition Agreement executed between Plaintiff and Company on November 15, 2016.

9. **COURT APPROVAL.** The Parties will file a joint motion for approval of settlement. The Parties will cooperate and take all necessary steps to effectuate final Court approval of their settlement.

10. **DISMISSAL WITH PREJUDICE**. The Parties agree that they will execute and file a Stipulation of Dismissal with Prejudice within ten (10) business days of the Court's approval of the Parties' settlement.

11. **NON-DISPARAGEMENT.** Plaintiff also agrees that she will not make any statements, either oral or written, or take any other actions that disparage or reflect negatively on any or all of the Released Parties. The Company agrees that it will instruct its officers and members of the management team for the Eastern District of Virginia that they are not to

make any statements either oral or written, or take any other actions that disparage or reflect negatively on Plaintiff. This paragraph does not apply to truthful testimony compelled by applicable law or legal process or to truthful information that you provide to a governmental agency.

12. **MEDICARE REPRESENTATION AND LIENS GENERALLY.** Plaintiff attests, certifies, represents, and warrants that she has never applied for Medicare and is not now and never has been Medicare eligible, enrolled in Medicare, or a Medicare beneficiary, that she has never been assigned a Medicare Health Insurance Claim Number (HICN), and that no liens of any kind exist against the proceeds of the Settlement Payment that is being received by Plaintiff. If a claim is made to enforce any lien (Medicare or otherwise) against the proceeds of this Settlement Agreement, Plaintiff agrees to pay the lien in full and to indemnify and hold the Released Parties harmless in connection with any and all claims made against Released Parties. This is intended to include all liens, including but not limited to attorney's liens, medical provider liens, Medicare and Medicaid liens, workers' compensation liens, all statutory or common law liens and judgment liens. Plaintiff acknowledges that acceptance of these settlement funds may affect Plaintiff's rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Plaintiff desires to enter into this Agreement to settle her Claims against the Company and Released Parties according to the terms set forth in this Agreement.

13. **NON-DISCLOSURE OF AGREEMENT.** Plaintiff agrees to hold in strict confidence the negotiations resulting in, and the contents and terms of this Agreement, except (1) as required by law, (2) to secure advice from a legal or tax advisor, (3) to her immediate family, or (4) in a legal action to enforce the terms of this Agreement. Likewise, Company agrees that it will hold in strict confidence the negotiations resulting in, and the contents and terms of this Agreement, except (1) as required by law, (2) to secure advice from a legal or tax advisor, (3) to secure Court approval of the settlement and this Agreement, and (4) to Plaintiff's supervisors, managers, and Human Resources and payroll personnel. The Parties agree that the contents of this paragraph are material terms of the Agreement.

14. **NON-ADMISSION.** Plaintiff agrees that Company does not admit any allegations made against it in any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, or demands including the Litigation. Plaintiff also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

15. **CLAIMS NON-ASSIGNABLE.** Plaintiff agrees, represents and warrants that no person other than she is authorized or entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against Plaintiff by the Released Parties including, but not limited to, any and all claims for attorneys' fees or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Released Parties which may have occurred or failed to occur prior to Plaintiff's execution of this Agreement.

16. **TAX RAMIFICATIONS.** Plaintiff understands and agrees that Company is not providing any tax advice to Plaintiff. Plaintiff understands that Company will be reporting the payment of the consideration in Paragraph 1, as set forth therein, to the appropriate taxing authorities. Plaintiff understands that the Company is not making any representation to Plaintiff whether these payments are subject to taxation. Should, for whatever reason, a federal, state, or other governmental authority assert that any part of this payment is subject to federal, state, or local taxation or withholding, Plaintiff agrees to pay all federal, state and local taxes related to her receipt of any and all income pursuant to this Agreement. Plaintiff further understands that she will be responsible for her personal tax liability, including any penalties, assessments or interest, arising out of income derived from this Agreement. Plaintiff also understand and agrees that she will hold harmless and indemnify Company, as well as defend the Company for any tax liability or penalty assessed against it as a result of income received by her under this Agreement and will solely bear all costs, including penalties, associated with such assessment.

17. **LEGAL RIGHTS; SEVERABILITY.** Plaintiff and Company agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.

18. **CHOICE OF LAW/CHOICE OF FORUM.** This Agreement shall be interpreted and enforced in accordance with the laws of the Commonwealth of Virginia. Plaintiff consents to the exclusive jurisdiction of courts located in Virginia, agreeing to waive any argument of lack of personal jurisdiction or forum non-conveniens with respect to any claim or controversy arising out of or relating to this Agreement, Plaintiff's employment, Plaintiff's termination from that employment, and any other contact or communication involving Plaintiff and the Released Parties.

19. **CONSTRUCTION AND INTERPRETATION OF AGREEMENT.** Paragraph titles or captions in this Agreement are included for purposes of convenience only and shall not be considered a part of the Agreement in construing or interpreting any of its provisions. All references in this Agreement to paragraphs shall refer to paragraphs of this Agreement unless the context clearly requires otherwise. If any ambiguity or question of intent or interpretation arises, no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

20. **ACKNOWLEDGED AND AGREED.** Plaintiff hereby ACKNOWLEDGES AND AGREES that she has read the foregoing Agreement, that she has had sufficient time and opportunity to review and discuss it with the attorney of her choice, that she has had any

questions about the Agreement answered to her satisfaction, that she fully understands and appreciates the meaning of each of its terms, and that she is voluntarily signing the Agreement on the date indicated below, intending to be fully and legally bound by its terms.

21. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Company regarding the parties' settlement, and supersedes any other written or oral statements, representations, communications, understandings, and agreements. No amendment or modification of the terms of this Agreement shall be binding on the parties unless reduced to writing and signed by Plaintiff and Company.

**[Remainder of Page Left Intentionally Blank]**

**THE PARTIES AFFIRM THAT THEY HAVE READ AND UNDERSTAND THE FOREGOING AGREEMENT, AND THAT THEY AFFIX THEIR SIGNATURES HERETO VOLUNTARILY AND WITHOUT COERCION.**

SIGNATURE: _Harriett Dech_          DATE: _8-15-2019_

**Harriett Dech**

SIGNATURE: _Jeff Henry_          DATE: _8/15/2019_
9E086C6CE879444

**On Behalf of Compass Group USA, Inc.**

39472890.1

39649672.1